**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

STEPHEN and LYNDA GARTON, h/w,

    Plaintiffs,

        v.

INN AT NICHOLS VILLAGE, INC.,

    Defendant.

CIVIL ACTION NO. 3:10-CV-962

(JUDGE CAPUTO)

## <u>MEMORANDUM</u>

Presently before the Court is Defendant Inn at Nichols Village, Inc.'s Motion for Summary Judgment. (Doc. 14). Plaintiffs Stephen and Lynda Garton brought this action against Defendant seeking damages for negligence and loss of consortium resulting from a slip-and-fall accident. Defendant alleges that Summary Judgement is warranted because of a prior agreement excepting it from liability. The Court disagrees, and for the reasons below will deny Defendant's Motion.

## I. Background

The instant action is based upon diversity between Plaintiffs Stephen Garton ("Plaintiff Garton") and his wife, Lynda Garton, both residents of New Jersey, and Defendant Inn at Nichols Village, Inc. ("Nichols Corp."), a Pennsylvania corporation with a principal place of business in Clarks Summit, Pennsylvania.

On the evening of July 30, 2008, Plaintiff Garton was injured while stepping into a shower in room #162 at the Inn at Nichols Village ("the Inn"). Plaintiff's foot slipped out from

under him while entering the shower, causing him to fall backwards and strike his head on the bathroom counter, suffering bodily injury.  Plaintiffs allege that the tub was in a dangerous, defective condition since its instillation as it lacked the non-slip protection that apparently existed in other rooms.  (Doc. 19 at 18).  Furthermore, Plaintiffs believe that cleaning product residue served to make the shower more slippery than otherwise.  (Doc. 19 at 19).  Plaintiffs bring this action for negligence and loss of consortium.

Defendant Nichols Corp. has motioned for summary judgment, claiming that "the material facts make it clear that Defendant had no legal or contractual duty or obligation to perform any maintenance with respect to the bathtub that caused Plaintiff Stephen Garton to fall and injure himself; therefore, Defendant cannot be liable for the alleged negligent maintenance of the bathtub."  (Doc. 14 at 1).  Specifically, Defendant points to a October 1, 2005 Management Agreement with Crescent Hospitality Corporation ("Crescent") that allegedly delegated sole responsibility for the operation and maintenance of the Inn.  As such, Defendant contends that Nichols Corp. is not a proper party to the action since as of the date of the accident, "the duty to maintain safe bathtubs rested solely with Crescent Hospitality Corporation, the tenant in possession of the Inn at Nichols Village, and not with Defendant Inn at Nichols Village, Inc."  (Doc. 15 at 5).

Specifically, Defendant asserts that a landlord-tenant relationship had been established between itself and Crescent, and as a landlord out of possession, Nichols Corp. had disclaimed any liability for injuries sustained at the Inn.  (Doc. 15 at 8).  Furthermore, Nichols Corp. claims it had no duty to supervise or carefully hire employees of the Inn as these responsibilities were allocated to Crescent per their agreement.  (Doc. 15 at 12).

In its response to Defendant's Motion, Plaintiff alleges that the Management

2

Agreement between Nichols Corp. and Crescent effectively expired on October 1, 2007–well before the July 2008 accident.  (Doc. 19 at 5-6).  Additionally, Plaintiff contends that even if the Agreement had not expired, its language did not actually surrender exclusive control of the Inn to Crescent, and that Defendant is still therefore a proper party to this negligence action.  (Doc. 19 at 6).  Further, Plaintiff indicates that beyond the agreement, the owners of Nichols Corp. did not truly relinquish their responsibilities but instead continued their oversight presence at the Inn.  (Doc. 19 at 9-13).

## II. Discussion

### A. Legal Standard

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c)(2).  Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one.  *Anderson*, 477 U.S. at 248.  An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party."  *Id*.  Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment

as a matter of law.  *See* 2D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727 (2d ed. 1983).  The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the court that "the nonmoving party has failed to make a sufficient showing on an essential element of her case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party.  *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256–57.  The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)).  "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id.* (quoting *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)).  In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth

4

of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## B.  Existence of a Landlord-Tenant Relationship

In its Motion for Summary Judgment, Defendant Nichols Corp. relies exclusively on the landlord-tenant relationship allegedly established between Nichols Corp. and Crescent by the terms of the Agreement.  From this assertion, Nichols Corp. claims that as landlord, it had no duty to third party patrons, including Plaintiff.  Though there are exceptions, the general rule in Pennsylvania is that "landlords out of possession generally are not liable for injuries suffered by third parties on the leased property." *Eisenberry v. Shaw Bros.*, L.L.C., 2010 U.S. Dist. LEXIS 81345 (M.D. Pa. Aug. 11, 2010) (citing *Dinio v. Goshorn*, 437 Pa. 224, (Pa. 1969)).  Therefore, it is necessary for the Court to analyze the Agreement between Nichols Corp. and Crescent in order to determine whether a landlord-tenant relationship existed.  For the reasons below, the Court concludes there is a genuine factual dispute as to this issue.

### 1. Expiration of the Agreement

Plaintiff argues there exists a material issue as to the potential expiration of the Agreement between Nichols Corp. and Crescent.

The Hotel Management Agreement between Nichols Corp. and Crescent provides that the Agreement would automatically expire "on the Second anniversary of the Commencement Date, unless sooner terminated in accordance with the provisions of this Agreement." (Doc. 19-10 at 9; Ex. "J").  The Agreement could automatically renew provided either party provided written notice to the other.  *Id.*  The Agreement provides for a

commencement date of October 1, 2005. *Id.* Therefore, the Agreement would have expired on October 1, 2007 without having been renewed as provided.

Whether such renewal notice was given or received is not clear from the record. On the date of the Accident, George A. Nichols was President Nichols Corp. Nichols Dep. 6:6-6:9, April 14, 2011. However, while Nichols had signed the Agreement between Nichols Corp. and Crescent, he could not determine whether written notice of extension was provided to Crescent, though he admitted that he had never seen any such written notice provided by Crescent. Nichols Dep. 24:14-27:12. In short, there is no affirmative evidence in the record that the Agreement was in force as of the date of the Accident.

Defendant's entire Motion for Summary Judgment rests on the applicability of this Agreement and its effective transference of liability from Nichols Corp. to Crescent. In the absence of evidence that the Agreement applied, the Court finds a issue of material fact as to the viability of the Agreement, and this ambiguity alone renders summary judgment inappropriate.

### 2. Extent of Control Delegated

Even assuming a valid Agreement, Plaintiff further contends that Defendant's characterization of having delegated sole control is erroneous. (Doc. 19 at 24).

Defendant avers that the explicit terms of the document allowed Nichols Corp. to retain significant control of the Inn. In its Brief in Support of Summary Judgment, Defendant relies heavily on Section 4.02(a) of the Agreement for the proposition that Nichols Corp. had "clearly vest[ed] complete and 'uninterrupted control' of the hotel's operations in Crescent" and that it had effectively "grant[ed] Crescent sole control of hotel operations." (Doc. 15 at 3, 7). However, Plaintiff responds that "uninterrupted control" is not synonymous with sole

6

control, and that Nichols Corp. retrained "at the very least, joint control of the Hotel operations." (Doc. 19 at 25).

In support of this, Plaintiff cites several Agreement provisions raising issues about the division of control between Nichols Corp. and Crescent, suggesting a relationship exceeding that of mere landlord-tenant.  For example, one provision provided for regular meetings between Nichols Corp. and Crescent to review operations, capital expenditures, and the Proposed Annual Plan–with the agenda to be set by Nichols Corp.  (Doc. 19-10 at 9; Ex. "J"). Additionally, Crescent required Nichols Corp.'s approval of the annual operating and marketing plans.  *Id.* at 17.  Crescent was also required to consult with Nichols Corp. regarding "policies concerning management of the Hotel, sales, room rates, wage scales, personnel, general operating procedures, economics and operation and other maters affecting the operation of the Hotel."  *Id.* at 19.  Without more, from the face of such statements, the legal relationship between these two parties is unclear.

Thus, contrary to Defendant's assertion, the Agreement is not dispositive in establishing a clear landlord-tenant relationship.  Plaintiff further adds that the Agreement never even contain the terms "landlord," "tenant," "lease," "lessor," or "lessee." (Doc. 19 at 24).  While perhaps not ultimately controlling, all of these uncertainties go to the necessary conclusion that the Agreement, if it applies, is not sufficiently clear to merit summary judgment at this stage.

Furthermore, beyond the terms of the Agreement, the actions of the Nichols Corp. employees throughout the term of the Agreement appear contrary to that of a landlord out of possession and further undermine Defendant's argument that it had delegated authority

solely to Crescent.  While there are conflicting provisions within the Agreement,[1] Plaintiff argues that the conduct of Defendant Nichols Corp. conflicted directly with their proffered interpretation of the terms.

Immediately prior to the Accident, Nichols Corp. President George Nichols had an office at the Inn where he worked each day in corporate sales.  Nichols Dep. 12:5-22.  His office was located in the very same building where the Accident occurred.  Jones Dep. 32:16-21, April 14, 2011.  Norm Nichols, George's brother and Vice President of Nichols Corp., similarly attended work each day at the Inn.  Jones Dep. 28:2-16.  Moreover, the testimony of Robert Jones, the General Manager at the Inn at the time of the accident, indicates that neither Nichols brother reported to anyone at Crescent during that period, not even him.  Jones Dep. 31:6-32:15.  In fact, Mr. Jones and the employees who reported to him were taking direct orders from President George Nichols without even consulting the management company.  Jones Dep. 33:12-34:3, 35:24-36:17.

Similarly, and without explanation, Defendant admitted in its Answer that it "approved the method for cleaning, mopping, remedying, maintaining and/or inspection of the bathtub and/or bathroom areas of guest rooms located within the Inn at Nichols Village."  (Doc. 1 at ¶ 42; Doc. 5 at ¶ 1).  This admission further indicates some quantum of control by Nichols Corp. on an issue at the heart of the case, negligent maintenance of the guest showers.

---

[1]For example, Exhibit C of the Agreement includes a Special Stipulation providing that "the relationship between Owner and Manager . . . is that of a principal and an independent contractor and that all employees and personnel necessary for the operation of the Hotel shall in every instance be the employees or independent contractors of Manager and not of Owner." (Doc. 19-10 at 40; Ex. "J").  However, such conflicting terms illustrate the complexity of this agreement and support the Court's ultimate determination that there are material facts at issue as to the ultimate applicability of this Agreement.

Therefore, the record reflects that the Nichols Corp. exercised some significant authority at the Inn during the period in which the Accident occurred.  Their presence alone at the Inn, without indication that they were employed by Crescent, raises material questions as to the relationship upon which the Defendant's Motion for Summary Judgement rests.

From the foregoing, there exist serious material issues as to the relationship between Nichols Corp. and Crescent.  Simply, viewed in the light most favorable to the non-moving party, Defendant's assertion that it had delegated total control of the Inn for the period in question to Crescent is not supported by the facts.  As this determination will have an effect on this action under the substantive law, summary judgement in favor of Defendant will not be granted.

### III. Conclusion

Genuine issues exist as to the applicability and the viability of the Agreement in regard to the instant action.  As Defendant's Motion for Summary Judgement is fully predicated on a complete release of liability based on its proffered interpretation of the Agreement, summary judgement is not appropriate at this time.  For the reasons above, the Court will deny Defendant's Motion for Summary Judgment.  The Court declines to address Plaintiff's additional arguments pertaining to issues of apparent authority and exceptions to the landlord out of possession rule as these considerations only would further substantiate the Court's determination.

An appropriate order follows.


 September 28, 2011                                  /s/ A. Richard Caputo
Date                                                A. Richard Caputo
                                                    United States District Judge

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEPHEN and LYNDA GARTON, h/w, | CIVIL ACTION NO. 3:10-CV-962 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| INN AT NICHOLS VILLAGE, INC., | |
| Defendant. | |

## <u>ORDER</u>

**NOW**, this 28th day of September, 2011, **IT IS HEREBY ORDERED** that the Defendant's Motion for Summary Judgment (Doc. 14) is **DENIED**.

　/s/ A. Richard Caputo　
A. Richard Caputo
United States District Judge